1 COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

2 Name: __Peoples__ __Quiney__ __A.__
      (Last)       (First)       (Middle Initial)

3 Prisoner Number: __BA1828__

4 Institutional Address: __San Quentin State Prison__

5 __San Quentin, C.A. 94974__

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

__Quiney Andre Peoples__
(Enter your full name.)

vs.

__City of Richmond, C.A., Richmond Police dept., Bashir Zeidan, Robert Branch, Aaron Mandell, Dominic Medina__
(Enter the full name(s) of the defendant(s) in this action.)

Case No. __CV16 4099__
(Provided by the clerk upon filing)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
**42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __San Quentin State Prison, C.A.__

B. Is there a grievance procedure in this institution? YES ☒ NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure? YES ☐ NO ☒

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

    1. Informal appeal: __N/A__

2. First formal level: ___N/A___

3. Second formal level: ___N/A___

4. Third formal level: ___N/A___

E.  Is the last level to which you appealed the highest level of appeal available to you?

   YES ☐   NO ☐   N/A

F.  If you did not present your claim for review through the grievance procedure, explain why.

This is not an institutional matter and must be litigated through the United States civil court system. The incident did not occur at San Quentin.

II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.

Quincy Peoples #BA1828
San Quentin State Prison
San Quentin, CA 94974

B. For each defendant, provide full name, official position and place of employment.

City of Richmond, C.A.; Richmond California
Richmond Police department; Richmond California
Bashar Zeidan; Police officer; Richmond California
Robert Branch; Police officer; Richmond California
Aaron Mandell; Police officer; Richmond California
Dominic Medina; District Attorney Investigator; Contra Costa County, California

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

August 11th, 2014 - Feb. 18, 2016 (R.P.D Case # 2014-00011651) Richmond police officers Basher Zeidan & Robert Branch opened fire on my vehicle without warning or being provoked. My vehicle was destroyed & I was injured & suffered as a direct result of the action of those officers. (2) August 12th, 2014 - Feb 18, 2016 (R.P.D case # 2014-011651) Officers Aaron Mandell, Basher Zeidan, & Robert Branch all gave inaccurate and incomplete statements during sequestered interviews that caused me (Quincy Peoples) to be arrested, charged & tried in a superior court of california for assault with a deadly weapon on a peace officer (C.A.pc. 245c) (3) On Aug. 12, 2014 the Richmond Police Dept. released an →

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

I want the court to grant me (Quincy Peoples) a relief of monetary compensation in the amount of One Hundred & Fifty million dollars ($150,000,000.00) holding the parties named in this claim responsible for payment. I also want a sincere & public apology made to me.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 7/13/2016

Date

Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

Statement of Claim continued:

(3) Official statement to the local media that broadcast my name, age, and picture. The statement was false, malicious, and slanderous. All of this was done without the slightest attempt to find the truth behind the incident. (R.P.D case # 2014-0011651)

(4) Dominic Medina of the Contra Costa County District Attorney's office failed to properly investigate the incident. Mr. Medina threatened my wife Tonisha Peoples to force her to testify against me (Quincy Peoples) at trial. Even after the trial was over Mr. Medina continued to harass me (Quincy Peoples) by having Contra Costa County Sheriff deputies ransack my cell multiple times. These incidents take place between August 12, 2014 - March 1st 2016 (R.P.D case # 2014-0011651) (court docket # 02-317572-5)

(#5) On Aug. 11th 2014 until the present day the city of Richmond, Ca. is responsible for and are represented by the police officers that are hired, therefore are also liable and accountable for the actions of these officers while on duty. Since none of the above officers have been disciplined for their actions taken on Aug. 11th 2014, it would lead any reasonable thinking person to believe that the city of Richmond, CA. along with the Richmond police department condone & support the behavior & actions of officers Bashar Zeidan, Robert Branch, & Aaron Mandell. (R.P.D case # 2014-0011651)