NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
AMY S. ROTHMAN (State Bar No. 308133)
amy.rothman@mcnamaralaw.com
KEREN SCHLANK (State Bar No. 310389)
keren.schlank@mcnamaralaw.com
McNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
1211 Newell Avenue
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
Bashar Zeidan and Robert Branch

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY ANDRE PEOPLES, | Case No. C16-04099 LHK |
| Plaintiff, | **ANSWER TO AMENDED COMPLAINT** |
| vs. | |
| BASHAR ZEIDAN; ROBERT BRANCH; AARON MANDELL; DOMINIC MEDINA, | |
| Defendants. | |

Defendants BASHAR ZEIDAN and ROBERT BRANCH respond as follows to Plaintiff Quincy Andre Peoples' ("Plaintiff") Amended Complaint.[1] Note, the named parties of the City of Richmond and the Richmond Police Department have been dismissed, without leave to amend, per the Court's Order (ECF. 24). In addition, Plaintiff's Amended Complaint is handwritten and Defendants attempt to provide the following answer to the best of their understanding of this handwritten and sometimes hard to interpret Amended Complaint.

///

---

[1] Though named, Ofc. Aaron Mandell of the Richmond Police Department has not yet been served herein.

ANSWER TO AMENDED COMPLAINT
C16-04099 LHK

## STATEMENT OF FACTS

1. In answering pages 2 through 11[2] of Plaintiff's Amended Complaint (ECF, Doc. 12, e-filed 11/1/16), Defendants respond as follows: Defendants admit that on August 11, 2014, around 9:20 p.m., Richmond Police Department (RPD) Officers Zeidan, Branch, and Mandell were dispatched to and responded to the apartment complex located on 120 Macdonald Avenue, in full uniform and in patrol vehicles, within the course and scope of their employment as police officers. Officers were responding to a loud disturbance and potential domestic violence type call for service involving Plaintiff and his wife.

2. At the complex, officers observed a white Ford Crown Victoria (driven by Plaintiff) in the parking lot. Officers attempted to stop the Plaintiff, but instead, Plaintiff tried to drive out of the complex and towards Ofc. Mandell at some point, necessitating the use of deadly force towards Plaintiff to protect Ofc. Mandell from suffering seriously bodily injury or death at the hands of Plaintiff's vehicle and/or to prevent Plaintiff from continuing to flee after potentially striking Ofc. Mandell.

3. Plaintiff then crashed his vehicle nearby and fled arrest on foot. An arrest warrant for Plaintiff and search warrant for Plaintiff's vehicle were reviewed and signed by a Contra Costa County Superior Court judge. Plaintiff was later located and arrested.

4. Following the incident, the Contra Costa County District Attorney's Office (CCCDAO) participated in a joint investigation of the incident per the County LEIFI Protocol.

5. Subsequently, the CCCDAO filed criminal charges against Plaintiff following his arrest. Plaintiff was thereafter tried by a jury in February of 2016 and convicted of violations of Penal Code § 148(a)(1) (Resisting, Obstructing or Delaying a Peace Officer, related to Ofc. Mandell), a misdemeanor, and Penal Code § 243(e)(1) (Battery Against a Spouse, against his wife, Ms. Tonisha Kelly), a misdemeanor, arising out of the arrest incident.

6. Defendants deny the remaining allegations in pages 2 through 11.

///

---

[2] Defendants will be referencing the e-filing pagination numbering in the upper line of the e-filed Amended Complaint (ECF 12) when referencing page numbers herein.

### STATEMENT OF CLAIM: Bashar Zeidan

7. This Court found Plaintiff has cognizable claims of excessive force, wrongful arrest, conspiracy, and malicious prosecution against Defendant Bashar Zeidan. (ECF, Doc. 24, e-filed 3/2/17, ¶ B).

8. In answering page 2 through 3 and 7 through 8 of Plaintiff's Amended Complaint, Defendants incorporate by reference paragraphs 1 through 6, above.

9. Except as to the matters previously admitted, Defendants deny the remaining allegations in pages 2 through 3 and 7 through 8 of Plaintiff's Amended Complaint.

### STATEMENT OF CLAIM: Robert Branch

10. This Court found Plaintiff has cognizable claims of excessive force, wrongful arrest, conspiracy, and malicious prosecution against Defendant Robert Branch. (ECF, Doc. 24, e-filed 3/2/17, ¶ B).

11. In answering pages 4 through 5 and 7 through 8 of Plaintiff's Amended Complaint, Defendants incorporate by reference paragraphs 1 through 6, above.

12. Except as to the matters previously admitted, Defendants deny the remaining allegations in pages 4 through 5 and 7 through 8 of Plaintiff's Amended Complaint.

### STATEMENT OF CLAIM: Aaron Mandell

13. This Court found Plaintiff has cognizable claims of wrongful arrest, conspiracy, and malicious prosecution against Defendant Aaron Mandell. (ECF, Doc. 24, e-filed 3/2/17, ¶ B).

14. In answering pages 6 through 8 of Plaintiff's Amended Complaint, Defendants incorporate by reference paragraphs 1 through 6 and 7 through 8, above.

15. Except as to the matters previously admitted, Defendants deny the remaining allegations in pages 6 through 8 of Plaintiff's Amended Complaint.

### STATEMENT OF CLAIM: Dominic Medina

16. This Court found Plaintiff has cognizable claims wrongful arrest, conspiracy, and malicious prosecution against Defendant Dominic Medina (ECF, Doc. 24, e-filed 3/2/17, ¶ B).

17. As Defendant Dominic Medina was employed by Contra Costa County on August 12, 2014, Defendants neither admit nor deny the allegations in pages 7 through 8 of Plaintiff's Amended Complaint as it includes contentions and legal matters not proper for admission or denial, nor do Defendants have personal knowledge of those contentions.

**STATEMENT OF CLAIM: City of Richmond and Richmond Police Department**

18. This Court has dismissed Plaintiff's claims against the City of Richmond and the Richmond Police Department, without leave to amend. (ECF, Doc. 24, e-filed 3/2/17), per the allegations in pages 9 through 11.

19. Except as to the matters previously admitted, Defendants deny the remaining allegations in pages 9 through 11 of Plaintiff's Amended Complaint.

**RELIEF**

20. Defendants neither admit nor deny the allegations in the Relief portion of the Amended Complaint on page 12, as it includes contentions and legal matters not proper for admission or denial.

**DEMAND FOR JURY TRIAL**

21. Defendants demand a jury trial.

**AFFIRMATIVE DEFENSES**

1. AS FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's Amended Complaint fails to state cognizable legal theories and/or facts sufficient to constitute cognizable legal theories against Defendants.

2. AS FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff failed to state facts sufficient to support a prayer for punitive damages and/or exemplary damages against any Defendant.

3. AS FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiff was the negligence and fault of Plaintiff. In the alternative, that the negligence and fault of the Plaintiff in and about the matters alleged in the Amended Complaint herein proximately contributed to the happening of the incident and to the injuries, loss

and damages complained of, if any there were, and said negligence on the part of Plaintiff or others requires that any damages awarded to Plaintiff shall be diminished in proportion to the amount of fault attached to Plaintiff and/or others.

4. AS FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

5. AS FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times and places mentioned in Plaintiff's Amended Complaint, Plaintiff failed to mitigate the amount of his damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar or limit to his recovery under his Amended Complaint.

6. AS FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff, by virtue of his own conduct and omissions, has enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

7. AS FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable federal and state statutes and/or case law.

8. AS FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, Defendants are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

9. AS FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, all actions taken by the Defendants, including Defendants Zeidan, Branch, and Mandell (and/or any other officers named herein at any time) was/were reasonable under the circumstances and taken under a good faith belief

that the actions were not unlawful and the Defendants are therefore immune under the "good faith immunity" and/or qualified immunity doctrine.

10. AS FOR AN TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Defendants shall only be responsible for damages, if any, in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

11. AS FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the alleged acts or omissions of the Defendants, including Defendants Zeidan, Mandell, and Branch (and/or any other officers named herein at any time), was based upon the officers' reasonable cause to believe that they had reasonable suspicion to detain and/or probable cause to arrest the Plaintiff, and the Defendants used reasonable force to effect the detention and/or arrest to prevent the escape of the Plaintiff, and for the safety of the lives of themselves and others; and the Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

12. AS FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants, including Defendants Zeidan and Branch and Mandell.

13. AS FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that to the extent Plaintiff alleges or asserts matters not contained in a legally sufficient claim filed by them, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

14. AS FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the matters complained of by Plaintiff, if committed by the Defendants, were consented to by Plaintiff.

15. AS FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute reasonable suspicion for a detention and/or probable cause for the arrest of Plaintiff.

16. AS FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

17. AS FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiff, if any.

18. AS FOR AN EIGHTHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Defendants were acting in good faith in respect to the acts and/or omissions alleged in the Amended Complaint.

19. AS FOR A NINTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff, himself, was violent, combative, threatening, dangerous and/or combative towards the Defendant peace officers, including Defendants Zeidan, Branch, and Mandell, and the Defendant peace officers acted in self-defense in relation to any claimed use of force.

20. AS FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that they reasonably relied upon dispatch reporting and records, public records and/or information of the State of California, other law enforcement related databases and other sources of information, in taking the action against Plaintiff, making their conduct reasonable and lawful under the circumstances.

21. AS FOR AN TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the absolute privilege of Civil Code § 47(b).

22. AS FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that they provided information known to them and culled information from other law enforcement and other sources to seek a search warrant for the vehicle of Plaintiff and the arrest warrant for Plaintiff, the warrants were reviewed and executed by a judges with the Contra Costa County Superior Court, and were based upon probable

cause, making the answering Defendants' conduct reasonable and lawful under the circumstances, including reliance upon that properly executed search and arrest warrants and the ordered service and execution of the warrants.

23. AS FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that all of the property, evidence and items seized as a result of or in relation to the properly executed search warrant, was lawfully collected, stored, and/or maintained.

24. AS FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's prior criminal conviction(s) and the criminal proceedings limits and/or bars Plaintiff's claim or claims and/or damages against Defendants.

25. AS FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, there is no basis for any punitive damages against Defendants, if alleged.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff take nothing by way of his Amended Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: March 13, 2017

MCNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: _____
Noah G. Blechman
Amy S. Rothman
Keren Schlank
Attorneys for Defendants
Bashar Zeidan and Robert Branch

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 1211 Newell Avenue, Walnut Creek, California 94596.

On this date I served the foregoing **ANSWER TO AMENDED COMPLAINT** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Walnut Creek, California, addressed as follows:

**Plaintiff in Pro Per:**

Mr. Quincy Peoples
#BA1828
San Quentin State Prison
San Quentin, CA 94974

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 13, 2017 at Walnut Creek, California.

_____
SABRINA AHIA