UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINCY ANDRE PEOPLES,

          Plaintiff,

      v.

BASHAR ZEIDAN, et al.,

          Defendants.

Case No. 16-CV-04099 LHK (PR)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE**

Re: Dkt. Nos. 65, 68, 72, 73

Plaintiff, a California prisoner proceeding *pro se*, filed a second amended civil rights complaint, pursuant to 42 U.S.C. § 1983. The court found that plaintiff stated the following cognizable claims: (1) defendants Officer Zeidan and Officer Branch used excessive force on plaintiff; (2) defendants Inspector Soler, Detective Wentz, Sergeant Decious, Inspector Jung, Officer Zeidan, Officer Branch, and Officer Mandell violated plaintiff's Fourth Amendment right against unlawful arrest; (3) defendants Sergeant Decious, Inspector Jung, Officer Zeidan, Officer Branch, and Officer Mandell conspired to commit an unlawful arrest; and (4) defendants Sergeant

Smith, Sergeant Decious, Inspector Jung, Officer Zeidan, Officer Branch, and Officer Mandell maliciously prosecuted plaintiff. Defendants Sergeant Smith, Detective Wentz, Sergeant Decious, Officer Zeidan, Officer Branch, and Officer Mandell have filed a motion for summary judgment.[1] Plaintiff has filed an opposition, and defendant has filed a reply. Plaintiff has also filed supplemental exhibits to his opposition. Dkt. No. 71. Defendants object to the supplemental exhibits and move to strike them. Dkt. No. 72. Plaintiff has filed two motions to stay the case or, alternatively, extend the time. Dkt. Nos. 68, 73. Finally, at the court's direction, defendants filed a supplemental brief. Dkt. No. 77. Although given an opportunity to respond, plaintiff has not done so.

For the reasons stated below, the court GRANTS in part and DENIES in part defendants' motion for summary judgment, GRANTS defendants' motion to strike plaintiff's Exhibit K-K, and DENIES plaintiff's motions to stay the case.[2] Before referring the case to settlement, however, the court directs plaintiff to file notice of his intent to prosecute.

## BACKGROUND

The following facts are taken in the light most favorable to plaintiff.

On August 11, 2014, plaintiff was leaving an apartment complex in Richmond, California. Dkt. No. 33 at 3. Plaintiff had been arguing with his ex-wife and eventually got into his car to drive away. Pl. Depo. at 30:4-5. Officers Branch, Zeidan, and Mandell were sent to the apartment complex at approximately 9:34 p.m. to investigate a domestic disturbance. Dkt. No. 33 at 24. As plaintiff was leaving, plaintiff drove by Officer Branch who was looking at plaintiff. Pl. Depo. at

---

[1] Inspectors Soler and Jung do not take part in the underlying motion for summary judgment. They were dismissed from this case on July 2, 2018. Dkt. No. 76.

[2] Defendants' request for judicial notice is granted. Dkt. No. 66.

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

30:9-11.  Officer Branch did not say anything to plaintiff.  *Id.* at 30:14-15.  Plaintiff then drove by Officer Zeidan.  *Id.* at 30:15.  Officer Zeidan also did not say anything to plaintiff.  *Id.* at 30:14-15.  Plaintiff noticed a light flashing on the hood of plaintiff's car coming from another police officer, Officer Mandell, who was to the left of plaintiff's side of the car.  *Id.* at 30:16-17.  When plaintiff saw Officer Mandell flashing a flashlight onto the hood of plaintiff's car, plaintiff immediately came to a complete stop.  *Id.* at 35:21-22; Dkt. No. 33 at 3.

Almost simultaneously, plaintiff felt gunshots go through plaintiff's car.  Pl. Depo. at 41: 1-5.  Officer Zeidan, who was behind plaintiff's car, had started shooting at plaintiff.  Dkt. No. 33 at 3.  Out of fear for his life, plaintiff drove the car forward and out of the parking lot to avoid being hit by bullets.  *Id.*  Officers Zeidan and Branch continued to shoot at plaintiff.  *Id.*  As plaintiff was trying to avoid being hit, plaintiff lost control of the car and crashed into a building.  *Id.*  Plaintiff exited the car and fled on foot.

Officers Zeidan, Branch, and Mandell were subsequently sequestered for interviews.  MSJ, Ex. B, Tr. Branch 657:8-15.  Officers Zeidan, Branch, and Mandell did not discuss the incident with each other prior to sequestration.  *Id.* Tr. 658:23-659:5.  Sergeant Decious and Inspector Jung interviewed Officers Zeidan, Branch, and Mandell separately.  Officer Mandell's interview began on August 12 at 3:19 a.m.  Dkt. No. 69 at 79.  Officer Branch's interview began on August 12 at 3:51 a.m.  Dkt. No. 69 at 94.  Officer Zeidan's interview began on August 12 at 4:22 a.m.  Dkt. No. 69 at 110.

According to Officer Mandell, as plaintiff's car was approaching, plaintiff slowed the car to almost a complete stop.  Dkt. No. 69 at 83.  As Officer Mandell began walking toward plaintiff's driver's side of the car, plaintiff accelerated directly at Officer Mandell.  *Id.* at 84.  Just as plaintiff's car bumper passed Officer Mandell, Officer Mandell heard a "volley of shots."  *Id.*  In Officer Mandell's mind, there was no doubt that plaintiff was going to hit Officer Mandell with

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

3

the car. *Id.* at 87.

According to Officer Branch, even though Officer Branch had told plaintiff to stop the car, plaintiff did not comply. Dkt. No. 69 at 98. Officer Branch watched plaintiff drive toward the driveway, which was the only exit out of the parking lot. *Id.* at 99. Officer Branch noticed that plaintiff was headed right at Officer Mandell and heard what sounded like the engine revving, so Officer Branch fired two shots at plaintiff. *Id.* Officer Branch fired at plaintiff in an attempt to prevent plaintiff from hitting Officer Mandell with the car. *Id.* at 103.

According to Officer Zeidan, Officer Zeidan had also directed plaintiff to stop the car but plaintiff did not comply. Dkt. No. 69 at 114-115. Officer Zeidan watched plaintiff drive toward Officer Mandell. *Id.* at 115. Officer Zeidan again told plaintiff to stop the car. *Id.* Despite Officer Zeidan's instruction, Officer Zeidan saw plaintiff look toward Officer Mandell and "floor[ed] the car." *Id.* Officer Zeidan heard the engine and saw the car lunge forward as plaintiff drove quickly at Officer Mandell. *Id.* Officer Zeidan saw Officer Mandell "fly[]" to the left, and Officer Zeidan thought plaintiff had run over Officer Mandell. *Id.* Officer Zeidan fired his weapon at plaintiff two or three times. *Id.*

Based on the interviews with Officers Zeidan, Branch, and Mandell, on August 12, 2014, Detective Wentz authored an arrest warrant to arrest plaintiff for attempted murder of a peace officer, and a search warrant to search plaintiff's car. Dkt. No. 33, Exs. B and C. That same day, plaintiff was arrested. *Id.* at 29.

Ultimately, plaintiff was charged with assault on a peace officer, in violation of California Penal Code § 245(c); resisting an executive officer, in violation of California Penal Code § 69; injury to a spouse, in violation of California Penal Code § 273.5(a); and hit-and-run driving, in violation of California Vehicle Code § 20002(a). MSJ, Ex. I at 1. Prior to trial, the prosecution dismissed the hit-and-run count. *Id.* at 2. After a jury trial, the jury acquitted plaintiff of all

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

4

1    felonies, but found him guilty of misdemeanor resisting arrest, in violation of California Penal

2    Code § 148(a)(1), a lesser included offense of resisting an executive officer; and misdemeanor

3    battery against a spouse, in violation of California Penal Code § 243(e)(1), a lesser included

4    offense of injury to a spouse. *Id.* Plaintiff was sentenced to a term of two years in county jail with

5    credit for time served. *Id.*

**DISCUSSION**

7    A.    Standard of review

8        Summary judgment is proper where the pleadings, discovery and affidavits demonstrate

9    that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a

10   matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of

11   the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material

12   fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the

13   nonmoving party. *Id.*

14       The party moving for summary judgment bears the initial burden of identifying those

15   portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

16   issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving

17   party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no

18   reasonable trier of fact could find other than for the moving party. But on an issue for which the

19   opposing party will have the burden of proof at trial, as is the case here, the moving party need

20   only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at

21   325.

22       The court is only concerned with disputes over material facts and "factual disputes that are

23   irrelevant or unnecessary will not be counted." *Liberty Lobby, Inc.*, 477 U.S. at 248. It is not the

24   task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*,

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR
STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

5

91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with

reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving

party fails to make this showing, "the moving party is entitled to judgment as a matter of law."

*Celotex Corp.*, 477 U.S. at 323.

At the summary judgment stage, the court must view the evidence in the light most

favorable to the nonmoving party: if evidence produced by the moving party conflicts with

evidence produced by the nonmoving party, the judge must assume the truth of the evidence set

forth by the nonmoving party with respect to that fact. *See Leslie v. Grupo ICA*, 198 F.3d 1152,

1158 (9th Cir. 1999).

B.     Analysis

In the underlying federal civil rights case, plaintiff claims that: (1) Officers Zeidan and

Branch used excessive force upon him; (2) Inspector Soler, Detective Wentz, Sergeant Decious,

Inspector Jung, Officer Zeidan, Officer Branch, and Officer Mandell unlawfully arrested plaintiff

under a theory of judicial deception; (3) Sergeant Decious, Inspector Jung, Officer Zeidan, Officer

Branch, and Officer Mandell conspired to unlawfully arrest plaintiff; and (4) Sergeant Smith,

Sergeant Decious, Inspector Jung, Officer Zeidan, Officer Branch, and Officer Mandell

maliciously prosecuted plaintiff. The court will address each of plaintiff's claims below.

I.     Excessive force

Plaintiff alleges that Officers Zeidan and Branch began shooting at plaintiff for no reason,

which caused plaintiff to lose control of the car and crash the car. Defendants move for summary

judgment on the basis that plaintiff's excessive force claim is barred by *Heck v. Humphrey*, 512

U.S. 477 (1994), in light of plaintiff's conviction for resisting, obstructing or delaying an officer in

violation of California Penal Code § 148(a)(1). Defendants argue that if plaintiff's excessive force

claim is successful, it would necessarily imply the invalidity of plaintiff's conviction under

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR
STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

6

Section 148(a)(1).  Alternatively, defendants argue that they are entitled to qualified immunity and summary judgment on the merits.

a. _Heck_-bar

_Heck_ holds that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid.  _Heck_, 512 U.S. at 486-87.  The _Heck_ bar has been extended to all such claims regardless of whether the plaintiff is seeking damages or equitable relief.  _See Wilkinson v. Dotson_, 544 U.S. 74, 81-82 (2005).

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983.  _See Rutherford v. City of Berkeley_, 780 F.2d 1444, 1447 (9th Cir. 1986), _overruled on other grounds by Graham v. Connor_, 490 U.S. 386 (1989).  The Ninth Circuit has made clear, however, that _Heck_ does not bar all excessive force actions.  _See Hooper v. County of San Diego_, 629 F.3d 1127, 1132-33 (9th Cir. 2011).

According to California law, the elements of a Section 148(a)(1) conviction are:  "(1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties."  _Yount v. City of Sacramento_, 43 Cal. 4th 885, 894-95 (2008).  _Yount_ went on to clarify:

> "[A] defendant might resist a lawful arrest, to which the arresting officers might respond with excessive force to subdue him.  The subsequent use of excessive force would not negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of the criminal defendant's attempt to resist it.  Though occurring in one continuous chain of events, two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer."

_Id._ at 899.

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

7

Here, plaintiff was found guilty of resisting, obstructing or delaying Officer Mandell, in violation of Section 148(a)(1). Dkt. No. 77-1, Ex. L. The prosecution alleged that plaintiff violated Section 148(a)(1) when plaintiff disobeyed Officer Mandell's commands and fled the scene. Dkt. No. 77-1, Ex. O at RT 1774.

> Where a defendant is charged with a single-act offense but there are multiple acts involved each of which could serve as the basis for a conviction, a jury does not determine which specific act or acts form the basis for the conviction. *See People v. McIntyre*, 115 Cal. App. 3d 899, 910-11, 176 Cal. Rptr. 3 (Cal. Ct. App. 1981) ("It is only incumbent that [the jury] agree [a culpable act] occurred on that date, the exact time or sequence in relation to the[offense] is not material.") (citation omitted). Thus, a jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would "*necessarily* imply the invalidity of his conviction." *Susag*, 94 Cal. App. 4th at 1410, 115 Cal. Rptr. 2d 269 (emphasis added).

*Smith v. City of Hemet*, 394 F.3d 689, 699 n.5 (9th Cir. 2005) (en banc). Thus, by convicting plaintiff of violating Section 148(a)(1), the jury here necessarily found that both acts, i.e., disobeying Officer Mandell's commands and fleeing the scene, formed the factual bases of plaintiff's conviction.

Plaintiff's excessive force claim, on the other hand, alleges that Officers Branch and Zeidan used excessive force when they shot at plaintiff. That is, Officers Branch and Zeidan unreasonably used deadly force against plaintiff. Defendants argue that success on plaintiff's excessive force claim against Officers Branch and Zeidan would necessarily invalidate plaintiff's conviction of resisting, obstructing, or delaying Officer Mandell in the performance of Officer Mandell's duties.

To the extent plaintiff's excessive force claim is premised on plaintiff's allegation that plaintiff offered no resistance or did not disobey Officer Mandell's commands, the claim is inconsistent with his conviction under Section 148(a)(1), and therefore barred by *Heck*. *See Yount*, 43 Cal. 4th at 898. However, to the extent plaintiff's excessive force claim alleges that

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

8

Officers Branch and Zeidan's use of deadly force was unjustified and excessive in response to plaintiff's resistance, the claim is not barred. A finding that Officers Branch and Zeidan unreasonably used deadly force against plaintiff does not disturb or invalidate the jury's finding that plaintiff willfully resisted, delayed, or obstructed Officer Mandell when Officer Mandell was engaged in the performance of his duties, and plaintiff knew or reasonably should have known that Officer Mandell was a peace officer engaged in the performance of his duties.

As *Yount* states, a claim alleging that an officer's use of deadly force was not a reasonable response to criminal acts of resistance does not "implicitly question the validity of [plaintiff's] conviction" for resisting, and thus it is not barred by *Heck*. *Yount*, 43 Cal. 4th at 899. Indeed, the Ninth Circuit has stated in an unpublished opinion that a plaintiff may, consistent with *Heck*, pursue claims that, "though having a right to use reasonable force based on [plaintiff's] § 148(a)(1) violations, the arresting officers responded with excessive force." *Rodriguez v. City of Modesto*, No. 11-15306, 535 Fed. Appx. 643 (9th Cir. Aug. 2, 2013) (unpublished memorandum disposition) (internal citations omitted).

It is defendants' burden to prove that plaintiff's claim is *Heck*-barred. *See Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir. 2001) (placing the burden on the defendants to prove that plaintiff's success in her Section 1983 action would necessarily imply the invalidity of her conviction). Unless it is clear that the plaintiff's action will impugn the underlying conviction, the Section 1983 action may proceed. Here, it is possible that Officers Branch and Zeidan unreasonably used deadly force against plaintiff even though plaintiff resisted, obstructed, or delayed Officer Mandell from lawfully performing Officer Mandell's duties. Accordingly, plaintiff's excessive force claim is not *Heck*-barred.

      b.   <u>Merits</u>

Defendants next argue that even if plaintiff's excessive force claim is not *Heck*-barred,

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

9

defendants are entitled to summary judgment as a matter of law. The use of deadly force is subject to the reasonableness requirement of the Fourth Amendment. *Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985). While the use of "force" is reasonable under the Fourth Amendment if it would seem justified to a reasonable officer in light of the surrounding circumstances, the use of "deadly force" is only justified where "it is necessary to prevent [an] escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Id.* at 3; *see Zion v. City of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017) ("the use of deadly force against a non-threatening suspect is unreasonable").

Here, viewing the facts in the light most favorable to plaintiff, plaintiff was attempting to stop for Officer Mandell when Officers Branch and Zeidan began shooting at plaintiff. The facts are disputed as to whether Officers Branch and Zeidan had probable cause to believe that plaintiff posed a significant threat of death or serious physical injury to Officer Mandell. Thus, defendants are not entitled to summary judgment on this claim.

### c. Qualified immunity

Alternatively, defendants argue that that they are entitled to qualified immunity. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Regarding the first prong, the threshold question must be, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? *Saucier v.*

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

10

*Katz*, 533 U.S. 194, 201 (2001). The inquiry of whether a constitutional right was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition. *Id.* at 202. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.*

The court finds granting summary judgment on the ground of qualified immunity is improper in this case. Viewing the facts in the light most favorable to the plaintiff, a dispute of fact exists as to whether Officers Branch and Zeidan began shooting at plaintiff when plaintiff posed no threat to Officer Mandell or others. In *Garner*, 471 U.S. at 11, the U.S. Supreme Court long ago determined that the shooting of an unarmed, non-dangerous suspect is a violation of the Fourth Amendment. *See, e.g.*, *Torres v. City of Madera*, 648 F.3d 1119, 1128 (9th Cir. 2011) (denying qualified immunity to shooting police officers when there was no evidence that plaintiff was armed, fleeing, or posed a threat to any officers or others); *Adams v. Speers*, 473 F.3d 989, 994 (9th Cir. 2007) (police officer who allegedly shot at driver without warning and when driver presented no danger to himself or others does not enjoy qualified immunity on parents' claim that officer used excessive force; accepting parents' facts as true, this case falls within the obvious situation which clearly establishes Fourth Amendment violation). Resolving all factual disputes in favor of plaintiff, the court concludes that defendants violated plaintiff's clearly established right to be free from excessive force.

Granting summary judgment on the ground of qualified immunity is "improper if, under the plaintiff's version of the facts, and in light of the clearly established law, a reasonable officer could not have believed his conduct was lawful." *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000). Here, under plaintiff's version of the facts, no reasonable officer could believe that defendants' actions were permitted under the Fourth Amendment.

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

Accordingly, defendants' motion for summary judgment is DENIED as to plaintiff's excessive force claim.

## II. Unlawful arrest

Plaintiff alleges that Inspector Soler, Detective Wentz, Sergeant Decious, Inspector Jung, Officer Zeidan, Officer Branch, and Officer Mandell violated plaintiff's Fourth Amendment right against unlawful arrest.[3] Specifically, plaintiff asserts that they provided a false narrative in order to create probable cause sufficient to have a magistrate issue an arrest warrant for plaintiff for the crime of attempted murder on a peace officer.

Plaintiff's theory of liability is a "judicial deception" claim that while the affidavit might have supported a finding of probable cause within its four corners, important information was deliberately omitted or misrepresented so as to mislead the approving magistrate. *See KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004). A Fourth Amendment violation occurs where the affidavit "intentionally or recklessly omitted facts required to prevent technically true statements . . . from being misleading.'" *Liston v. County of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997) (quoting *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985)). To prove that a warrant was procured through deception, a plaintiff "'must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause.'" *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009) (quoting *KRL*, 384 F.3d at 1117).

### a. *Heck*-bar

Defendants first argue that plaintiff's claim is *Heck*-barred. Defendants assert that success on plaintiff's unlawful arrest claim would necessarily invalidate his conviction for resisting, obstructing, or delaying Officer Mandell in the performance of his duties, in violation of

---

[3] Inspectors Soler and Jung do not take part in the underlying motion for summary judgment. They were dismissed from this case on July 2, 2018. Dkt. No. 76.

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

12

California Penal Code § 148(a), and battery against a spouse, in violation of California Penal Code § 243. Defendants explain that a ruling that plaintiff was arrested without probable cause would "clearly invalidate his convictions where a jury found him guilty beyond a reasonable doubt for these crimes for which he was arrested." MSJ at 14.

The Ninth Circuit has held that *Heck* generally bars claims challenging the validity of an arrest or prosecution. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (*Heck* bars plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). However, these cases are factually distinguishable and often involve a claim of illegal search and seizure, a guilty or nolo contendere plea, and/or a plaintiff who was arrested for the very same crime for which he was convicted. *See, e.g.*, *Szajer v. City of Los Angeles*, 632 F.3d 607, 612 (9th Cir. 2011) (applying *Heck* to claim of an unlawful search where the plaintiff had pled no contest to possession of an illegal assault weapon discovered during the disputed search); *Whitaker v. Garcetti*, 486 F.3d 572, 583-84 (9th Cir. 2007) (finding plaintiff's claim of a falsified search warrant application *Heck*-barred when the seizure produced the evidence upon which the charges and conviction were based); *Harvey v. Waldon*, 210 F.3d 1008, 1015-16 (9th Cir. 2000) (plaintiff's illegal search and seizure claim *Heck*-barred because the evidence seized was an essential element of the crime of which plaintiff was charged in his pending criminal prosecution); *Smithart*, 79 F.3d at 952-53 (plaintiff's unlawful arrest claim barred by *Heck* when, after a warrantless arrest, plaintiff entered an *Alford* plea to assault with a deadly weapon).

None of those scenarios are present here. Here, plaintiff's arrest warrant was issued specifically for the attempted murder on a peace officer. Plaintiff was not convicted of attempted murder of a peace officer, nor was plaintiff charged with attempted murder of a peace officer. The record does not clearly reflect that a successful attack on plaintiff's arrest warrant would implicate

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

13

the validity of his confinement or convictions.

Plaintiff was convicted of resisting, obstructing, or delaying Officer Mandell and battery against a spouse. The validity of these two convictions would not necessarily be implicated by any illegality in an earlier arrest. Since "an illegal search or arrest may be followed by a valid conviction," *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), "a claim of unlawful arrest, standing alone, does not *necessarily* implicate the validity of a criminal prosecution following the arrest." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam) (emphasis in original). When plaintiff filed this lawsuit, he was confined pursuant to valid convictions for resisting, obstructing, or delaying Officer Mandell and battery against a spouse; he was not confined pursuant to the attempted murder charge in the arrest warrant. Thus, a challenge to plaintiff's arrest for attempted murder of a peace officer does not necessarily implicate the validity of plaintiff's convictions. *Cf. Heck*, 512 U.S. at 484 (recognizing that in a false arrest claim, "damages . . . cover the time of detention up until issuance of process or arraignment, but not more") (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts 888 (5th ed. 1984)); *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (reaffirming that an "illegal arrest or detention does not void a subsequent conviction" because "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause").

Defendants have not demonstrated that a judgment in plaintiff's favor on this claim "would necessarily imply the invalidity of his conviction[s]" for resisting, obstructing, or delaying Officer Mandell. *Heck*, 512 U.S. at 487. Thus, the court rejects defendants' argument that plaintiff's unlawful arrest claim is *Heck*-barred.

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

14

b. <u>Officers Zeidan, Branch, and Mandell</u>

Next, defendants argue that Officers Zeidan, Branch, and Mandell are entitled to qualified immunity and summary judgment on the merits. To survive a motion for summary judgment on a Fourth Amendment judicial deception claim, the plaintiff must: "(1) establish that the warrant affidavit contained misrepresentations or omissions material to the finding of probable cause, and (2) make a 'substantial showing' that the misrepresentations or omissions were made intentionally or with reckless disregard for the truth." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011) (quoting *Ewing*, 588 F.3d at 1223-24). If those requirements are met, the case must be tried. *Id.* The Ninth Circuit has held a "deliberate or reckless omission by a government official who is not the affiant" may also be held responsible for damages stemming from an unlawful arrest. *Chism v. Washington State*, 661 F.3d 380, 392 (9th Cir. 2011) (quoting *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992)).

Here, construing the evidence before the court in favor of plaintiff, as the court must at this stage, the court finds that a reasonable jury could conclude Officers Zeidan, Branch, and Mandell acted deliberately or with reckless disregard for the truth in connection with their statements included in the affidavit in support of plaintiff's arrest warrant for attempted murder of a peace officer. Plaintiff claims that Officers Zeidan, Branch, and Mandell gave false statements when interviewed by Inspector Jung and Sergeant Decious regarding the shooting, and that without those false statements, there was no probable cause to arrest plaintiff for attempted murder of a peace officer.

Officers Zeidan, Branch, and Mandell were all interviewed subsequent to the shooting. During the interview, Officer Mandell stated that as plaintiff's car appeared to be slowing down, Officer Mandell began to approach the car. Dkt. No. 69 at 84, 86. As Officer Mandell got closer to the car, plaintiff accelerated directly at Officer Mandell and came so close to hitting Officer

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

1   Mandell that Officer Mandell was surprised the car did not strike him. *Id.* Then, Officer Mandell

2   heard "a volley of shots." *Id.* at 84.

3        During Officer Branch's interview, Officer Branch stated that as plaintiff passed Officer

4   Branch, Officer Branch noticed Officer Mandell in the path of plaintiff's vehicle. *Id.* at 99. As

5   plaintiff's car was headed directly at Officer Mandell, Officer Branch heard the car engine revving

6   and the squealing of tires. *Id.* Officer Branch believed plaintiff's car was going to hit Officer

7   Mandell, so Officer Branch fired two shots at plaintiff as plaintiff drove off. *Id.*

8        During Officer Zeidan's interview, Officer Zeidan relayed that just before the shooting,

9   Officer Zeidan saw plaintiff look at Officer Mandell and "floor[ed] the car." *Id.* at 115. Officer

10  Zeidan saw Officer Mandell leap out of the way of plaintiff's car, and Officer Zeidan fired his

11  weapon at plaintiff several times. *Id.*

12       Plaintiff challenges the statements made by Officers Branch, Zeidan, and Mandell and

13  necessarily refutes the following assertions as false in the affidavit in support of the arrest warrant:

14  (1) as the officers were walking into the parking lot, a white car accelerated toward them at a high

15  rate of speed; (2) Officers Branch and Zeidan feared that Officer Mandell was going to be struck

16  by the oncoming vehicle, which caused them to fire several rounds at the moving vehicle; and (3)

17  Officer Mandell believed that the driver of the vehicle was trying to run him over. Dkt. No. 65-2

18  at 42. Viewing the underlying facts in the light most favorable to plaintiff, the act of including

19  this allegedly false recitation of events in the affidavit supporting an arrest warrant may well

20  signify a reckless disregard for the truth. Thus, at the summary judgment stage, the court cannot

21  find that plaintiff is unable to satisfy the first prong of his Section 1983 claim for unlawful arrest

22  due to judicial deception.

23       However, plaintiff must also establish that the false statements were material to the finding

24  of probable cause. That is, "but for this dishonesty, the challenged action would not have

25  Case No. 16-CV-04099 LHK (PR)
    ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
26  JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR
    STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

27                                            16

28

occurred." *Hervey v. Estes*, 65 F.3d 784, 788-89 (9th Cir. 1995) (citing *Branch v. Tunnell*, 937 F.2d 1382, 1388 (9th Cir. 1991)). If there is sufficient content in the affidavit apart from the challenged material to support a finding of probable cause, the misrepresentation will not be considered material. *Mills v. Graves*, 930 F.2d 729, 733 (9th Cir. 1991).

Here, without these challenged statements, the affidavit provides no evidence to support probable cause for attempted murder of a peace officer. The statements of Officers Branch, Zeidan, and Mandell were the only evidence in the affidavit supporting the allegation that plaintiff drove directly at Officer Mandell. Without these statements, nothing remains in the affidavit to justify the issuance of an arrest warrant for attempted murder of a peace officer. Thus, Officers Zeidan, Branch, and Mandell are not entitled to summary judgment on the merits.

Alternatively, defendants argue that Officers Branch, Zeidan, and Mandell are entitled to qualified immunity. However, the Ninth Circuit has intertwined the qualified immunity question with the substantive question of judicial deception. That is, "no reasonable officer could believe that it is constitutional to act dishonestly or recklessly with regard to the basis for probable cause in seeking a warrant. Accordingly, should a factfinder find against an official on this state-of-mind question, qualified immunity would not be available as a defense." *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (per curiam) (citing *Branch v. Tunnell*, 937 F.2d 1382 (9th Cir. 1991), and *Hervey v. Estes*, 65 F.3d 784 (9th Cir. 1995)). Because the court has found material disputed facts on plaintiff's claim of unlawful arrest, defendants are not entitled to qualified immunity.

Accordingly, defendants' motion for summary judgment on plaintiff's claim of unlawful arrest is DENIED as to Officers Branch, Zeidan, and Mandell.

### c. Sergeant Decious and Detective Wenz

Plaintiff also named Sergeant Decious and Detective Wentz as defendants in this claim. Sergeant Decious was one of the interviewers of Officers Branch, Zeidan, and Mandell after the

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

17

shooting and the lead detective assigned to investigate the shooting. Dkt. No. 33 at 18. Plaintiff asserts that either Sergeant Decious or Detective Wentz was the affiant in support of the arrest warrant. *Id.* at 6-7. Plaintiff argues that Detective Wentz knew or should have known that the documents Detective Wentz prepared to acquire an arrest warrant would be relied upon as evidence and would be presented to a magistrate for authorization. *Id.* at 9. Even assuming these allegations to be true, they are insufficient to create a genuine issue of material fact that either Sergeant Decious or Detective Wentz is liable for judicial deception.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). To defeat summary judgment, sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Leer*, 844 F.2d at 634.

Here, plaintiff provides no evidence from which it can be inferred that Sergeant Decious or Detective Wentz "deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *KRL*, 384 F.3d at 1117. Although Detective Wentz appears to have drafted the affidavit, there are no facts from which it can be reasonably inferred that Detective Wentz knew or reasonably should have known that the affidavit contained false statements. Plaintiff's suggestion that Sergeant Decious was aware that Officers Branch, Zeidan, and Mandell were providing false statements is nothing more than conjecture which is insufficient to survive a motion for summary judgment. In addition, plaintiff does not suggest that Sergeant Decious was even aware of the contents of the affidavit in support of the arrest warrant.

Accordingly, defendants' motion for summary judgment on plaintiff's unlawful arrest

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

18

claim as to Sergeant Decious and Detective Wentz is GRANTED. The court thus finds it unnecessary to address defendants' alternative argument that Sergeant Decious and Detective Wentz are entitled to qualified immunity.

III.     Conspiracy

Plaintiff alleges that Sergeant Decious, Inspector Jung,[4] and Officers Zeidan, Branch, and Mandell conspired to unlawfully arrest plaintiff.

"A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (quoting *Vieux v. East Bay Reg'l Park Dist.*, 906 F.2d 1330, 1343 (9th Cir. 1990)). The elements to establish a conspiracy under Section 1983 are: "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010). "To establish liability for a conspiracy in a § 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights. Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (internal quotations and citations omitted). "Whether defendants were involved in an unlawful conspiracy is generally a factual issue and should be resolved by the jury, so long as there is a possibility that

---

[4] Inspector Jung does not take part in the underlying motion for summary judgment. He was dismissed from this case on July 2, 2018. Dkt. No. 76.

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

1    the jury can infer from the circumstances (that the alleged conspirators) had a meeting of the

2    minds and thus reached an understanding to achieve the conspiracy's objectives." *Mendocino*

3    *Environmental Center v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (internal

4    quotations and citations omitted).

5          With respect to Sergeant Decious, again, plaintiff provides no evidence from which it can

6    be inferred that Sergeant Decious expressly or impliedly agreed to deprive plaintiff of his

7    constitutional rights. As stated previously, plaintiff's facts about Sergeant Decious suggest only

8    that Sergeant Decious interviewed Officers Zeidan, Branch, and Mandell after the shooting. There

9    is no other evidence suggesting the Sergeant Decious shared a common objective of any

10   conspiracy. In sum, plaintiff has presented no evidence to support the existence of an agreement

11   or meeting of the minds between Sergeant Decious and Officers Zeidan, Branch, or Mandell,

12   whether the agreement be specific or inferred from conduct. Plaintiff also does not provide any

13   evidence that the unlawful arrest was the result of such an agreement. As such, plaintiff has not

14   met his burden to designate specific facts showing that there is a genuine issue for trial as to the

15   existence of a conspiracy involving Sergeant Decious. *See Celotex*, 477 U.S. at 324.

16   Accordingly, defendants' motion for summary judgment on plaintiff's conspiracy claim as to

17   Sergeant Decious is GRANTED.

18         On the other hand, with respect to Officers Zeidan, Branch, and Mandell, there is an issue

19   of fact as to whether they violated plaintiff's right against unlawful arrest. "Direct evidence of

20   improper motive or an agreement among the parties to violate a plaintiff's constitutional rights

21   will only rarely be available. Instead, it will almost always be necessary to infer such agreements

22   from circumstantial evidence or the existence of joint action." *Mendocino Environmental Center*,

23   192 F.3d at 1302. Here, the only evidence to support the issuance of an arrest warrant in the

24   underlying substantive claim, i.e., unlawful arrest, came from Officers Zeidan, Branch, and

25   Case No. 16-CV-04099 LHK (PR)
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
26   JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR
     STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

27                                                    20

28

Mandell. Viewing the evidence in the light most favorable to plaintiff, these statements were patently false, and permit the inference of an improper motive from their joint conduct. *See id.* Accordingly, defendants' motion for summary judgment on plaintiff's conspiracy claim as to Officers Zeidan, Branch, and Mandell is DENIED.

IV.     Malicious prosecution

Plaintiff claims that Sergeant Eric Smith, Sergeant Decious, Inspector Jung,[5] and Officers Zeidan, Branch, and Mandell maliciously prosecuted him.

"To maintain a § 1983 action for malicious prosecution, a plaintiff must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her a specific constitutional right." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (internal quotations and brackets omitted). The claim also requires "'the institution of criminal proceedings against another who is not guilty of the offense charged' and that 'the proceedings have terminated in favor of the accused.'" *Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) (en banc) (quoting Restatement (Second) of Torts § 653 (1977)); *see also Nonnette v. Small*, 316 F.3d 872, 876 (9th Cir. 2002) (noting malicious prosecution "requires favorable termination of criminal proceedings as an element").

The Ninth Circuit "look[s] to California law" when analyzing Section 1983 claims for malicious prosecution "because [the Ninth Circuit] ha[s] incorporated the relevant elements of the common law tort of malicious prosecution into our analysis under § 1983." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004). In California, "in order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate that the prior action (1) was commenced by or at the direction of the defendant and

---

[5]  Inspector Jung does not take part in the underlying motion for summary judgment.  He was dismissed from this case on July 2, 2018. Dkt. No. 76.

was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989) (citations omitted). When analyzing the favorable termination element, California courts looks to "the judgment as a whole." *StaffPro, Inc. v. Elite Show Services*, 136 Cal. App. 4th 1392, 1403 (2006). The element of favorable termination in a malicious prosecution action is a legal question for the court to decide. *See id.* at 1398.

Here, although plaintiff was found not guilty of assault on a peace officer, resisting an executive officer by force or violence, and injury to a spouse, his convictions in the same action for resisting, obstructing, or delaying a peace officer and battery against a spouse remain valid. Considering the judgment as a whole, plaintiff cannot show that the prosecution was "pursued to a legal termination in plaintiff's favor." *See, e.g.*, *Cairns v. Cnty. of El Dorado*, No. 16-15102, 694 Fed. Appx. 534, 535 (9th Cir. July 19, 2017) (unpublished memorandum disposition) ("Because Kevin Cairns was convicted of disturbing the peace in the same action in which he was acquitted of four other offenses, he cannot demonstrate that he was successful in the *entire* criminal action. The malicious prosecution claim therefore fails as a matter of law.") (Emphasis in original; internal citations omitted); *Rezek v. City of Tustin*, No. 15-55320, 684 Fed. Appx. 620, 621-22 (9th Cir. March 21, 2017) (unpublished memorandum disposition) (affirming dismissal of malicious prosecution claim because the plaintiff "was convicted of vandalism in the same action in which he was acquitted of resisting arrest," and thus could not demonstrate that the underlying trial was resolved in his favor in the context of the judgment as a whole). Thus, plaintiff's claim of malicious prosecution fails as a matter of law.

Defendants' motion for summary judgment as to the malicious prosecution claim is GRANTED. Because the court is granting summary judgment on the merits on this claim, it is unnecessary to address defendants' alternative claim that they are entitled to qualified immunity.

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

Defendants have objected to and moved to strike plaintiff's Exhibit K-K, filed in support of plaintiff's opposition to defendants' motion for summary judgment. Dkt. No. 72. Plaintiff has filed a response to defendants' objection and motion. Dkt. No. 74.

Defendants note that plaintiff's Exhibit K-K includes: (1) purported video surveillance footage of the incident; (2) thumbnail photographs that appear to be from the subsequent investigation of the incident; and (3) a transcript of portions of dispatch audio from the incident. Defendants argue that Exhibit K-K is untimely, mostly unauthenticated, objectionable, irrelevant, and not cited in the body of plaintiff's opposition.

Northern District Civil Local Rule 7-3(d), "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," with two exceptions. Under Civil Local Rule 7-3(d)(1), any objection to a reply must be filed within seven days of that reply's submission. Under Civil Local Rule 7-3(d)(2), a party may inform the court about a relevant judicial decision published after the date the opposition or reply was filed. The court did not approve additional memoranda, papers, or letters, and neither exception is applicable here. Thus, defendants' motion to strike plaintiff's Exhibit K-K is GRANTED.

Plaintiff has filed two motions for an extension of time or a stay. Dkt. Nos. 68, 73. In the motions, plaintiff asks for an extension of time or a stay of the case because defendants had produced a thumb drive to plaintiff which was confiscated by prison officials. Plaintiff asked that the thumb drive be sent to his attorney. However, the court notes that plaintiff is *pro se* in this case and not represented by counsel. It is unclear whether prison officials have sent the thumb drive, and if so, to whom. It appears that plaintiff does not know what is contained on that thumb drive.

Federal Rule of Civil Procedure 56(d) is a device for litigants to avoid summary judgment

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

23

when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(d) requires that the requesting party show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The court notes that plaintiff has already filed an opposition to defendants' motion for summary judgment. More importantly, plaintiff has not demonstrated any of the three factors necessary to warrant an extension or a stay. Thus, plaintiff's motions for an indefinite extension of time or a stay are DENIED.

D.    Notice of intent to prosecute

The court notes that plaintiff filed a notice of change of address on July 16, 2018. Dkt. No. 78. On July 16, 2018, defendants served plaintiff a copy of their supplemental brief, dkt. no. 77, to plaintiff's newly changed address. On July 31, 2018, counsel for defendants filed a declaration stating that on July 30, 2018, defendants' mail to plaintiff was returned to defense counsel, with a notation that no such apartment number existed. Dkt. No. 82 ¶ 6.

Accordingly, prior to referring this case to settlement, the court finds that it is in the interests of justice and judicial efficiency for the court to establish plaintiff's current address and verify whether he intends to continue to prosecute this action. Plaintiff shall file with the court a notice of his current address and a notice of intent to prosecute **within twenty-one days** of the filing date of this order. Failure to do so will result in the dismissal this case with prejudice for failure to prosecute pursuant to Rule 41(b). *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (a court should afford the litigant prior notice before dismissing for failure to prosecute).

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

24

**CONCLUSION**

1.       Defendants' motion for summary judgment is GRANTED in part and DENIED in part.  The motion is GRANTED as to: (1) plaintiff's unlawful arrest claim against Detective Wentz and Sergeant Decious; (2) plaintiff's conspiracy claim against Sergeant Decious; and (3) plaintiff's malicious prosecution claim as to Sergeant Smith, Sergeant Decious, Officer Zeidan, Officer Branch, and Officer Mandell.

The motion is DENIED as to: (1) plaintiff's excessive force claim against Officer Zeidan and Officer Branch; (2) plaintiff's unlawful arrest claim against Officer Zeidan, Officer Branch, and Officer Mandell, and (3) plaintiff's conspiracy claim against Officer Zeidan, Officer Branch, and Officer Mandell.

2.       Defendants' motion to strike is GRANTED.  Plaintiff's motions to stay are DENIED.

3.       Plaintiff must file with the court within **twenty-one days** of the filing date of this order a notice of his current address and a notice of intent to prosecute.  Failure to do so will result in the dismissal of this action with prejudice for failure to prosecute pursuant to Rule 41(b).

**IT IS SO ORDERED.**

DATED:   8/20/2018                                  *Lucy H. Koh*
                                                    LUCY H. KOH
                                                    UNITED STATES DISTRICT JUDGE

Case No. 16-CV-04099 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR STAY; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE

25